IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

CHRISTOPHER M. SWISHER,  *
#244 848,
    Plaintiff, *

v. * 2:07-CV-75-WKW
(WO)

C/O RODGERS C/O I *

    Defendant. *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 20, 2007 the court directed Plaintiff to show cause why this case should not be dismissed for his failure to forward to the Clerk an initial partial filing fee in the amount of $1.25. (Doc. No. 9.) The order informed Plaintiff to advise the court whether he authorized prison officials to withdraw the funds from his prison account for payment of the initial partial filing fee, whether he simply had chosen not to submit the filing fee, or whether he was unable to comply at this time with the order directing payment of the initial partial filing fee. (*Id*.)   Plaintiff was also cautioned that his failure to comply with the March 20 order would result in a Recommendation that his complaint be dismissed.  (*Id.*)

The requisite time has passed and Plaintiff has not provided the court with the initial partial filing fee nor has he responded to the court's March 20, 2007 order to show cause. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's

failures to prosecute this action and to comply with the orders of the court.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **April 17, 2007**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on

September 30, 1981.

    Done, this 5th day of April 2007.


                                    /s/Terry F. Moorer
                                    TERRY F. MOORER
                                  UNITED STATES MAGISTRATE JUDGE