# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| **CHRISTOPHER M. SWISHER,** ) | |
| **# 244848** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:07-cv-75-WKW |
| ) | |
| **C/O ROGERS,** ) | |
| ) | |
| Defendant. ) | |

## SPECIAL REPORT

Come now the Defendant, Morris Rogers Jr., in the above-styled cause by, and through undersigned counsel, and hereby files this Special Report as follows:

## PLAINTIFF'S ALLEGATIONS

Plaintiff, an inmate in the Alabama Department of Corrections (herein after referred to as "Swisher"), alleges his constitutional rights have been violated in the following manner:

1. The Defendant struck him on his wrist with a baton and kicked him in the buttocks.

2. Swisher complains that he received no medical attention for the above.

Swisher asks for "whatever the courts decide I am entitled to concerning this matter".

## DEFENSES

The Defendant denies all the allegations and demands strict proof thereof.

The Defendant alleges that Swisher fails to state a cause of action against this Defendant for which relief can be granted.

The Defendant is entitled to qualified good faith immunity from Swisher's complaint under 42 U.S.C. 1983.

The Defendant is entitled to absolute immunity for all claims against him in his official capacity.

The Defendant was at all times acting and using his discretionary authority.

## DEFENDANT

Morris Rogers, formerly at Draper Correctional Facility, Elmore, AL.

## ATTACHED EXHIBITS

1. Affidavit of Defendant Rogers, Marked as Exhibit "A".
2. Affidavit of Warden James Deloach, Marked as Exhibit "B".

## STATEMENT OF FACTS

On December 16, 2004, the Defendant (hereinafter referred to as "Rogers") was a Corrections Officer at Draper Correctional Facility. He denies every

assaulting the Plaintiff for any reason and thus there was no reason for any medical examination of Swisher.

Rogers has since resigned form the Alabama Department of Corrections is on active duty with the United States Army is being deployed to Iraq.

## ARGUMENT

### Reasonable Force

Initially, the Defendant would note that "[C]entral to all other corrections goals is the institutional consideration of internal security within the corrections facilities themselves."  Pell v. Procunier, 417 U.S. 817, 823, 94 S.Ct. 2800, 41 l.Ed.2d 495, 502 (1974)

> [t]he management by a few guards of large numbers of prisoner, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force.  Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.

Johnson v. Glick, 481 F.2d 1028, 1033 cert denied, 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

Whenever prison officials are accused of excessive force, the core inquiry is set forth in Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986):  whether the force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian,

503 U.S.. ___, 112 S.Ct. 995, 117 L.Ed.2d 156, 165-166 (1992). Liability requires a showing by the plaintiff that there was no plausible basis for the official belief in the necessity for using the degree of force employed. Whitley v. Albers, 475 U.S. at 323, 89 L.Ed.2d at 263. The Eighth Amendment's prohibition against cruel and unusual punishment is triggered when an inmate is subjected to "unnecessary and wanton infliction of pain". Bennett v. Parker, 898 F.2d 1530, 1532 (11th Cir. 1990). An evaluation of the conduct of prison officials' conduct, the court must keep in mind the paramount concerns of maintaining order and discipline in an often dangerous and unruly environment. Ort v. White, 813 F.2d 318 (11th Cir. 1987). The management of inmates may "require or justify the occasional use of a degree of intentional force," and decisions made to restore order are entitled to deference. Bennett v. Parker, 898 F. 2d 1530 (11th Cir. 1990), citing Johnson v. Glick, 481 F.2d 1028 (2d Cir. 1973).

Several factors identified in Whitley control a court's decision on whether a prison guard has used excessive force: (1) the need for the application of force; (2) the relationship between the need and amount of force used; and (3) the extent of the injury inflicted upon the prisoner. Whitely, 465 U.S. at 321, 106 S.Ct. at 1085.

Officer Rogers denies striking inmate Swisher, but assuming that he did, it would not be actionable. From the pleadings it appears that Swisher claims he was

struck without cause on the wrist and then kicked in the buttocks. Rogers denies all the allegations but even so, the purported actions of Rogers and any resulting injury to Swisher is *de minimis*.

As there was really no injury, Officer Rogers contends Swisher can not establish the objective and subjective components of an Eighth Amendment violation. (See Brown v. Croce, 967 F.Supp. 101( S.D.N.Y. 1997), holding that an officer who twice slapped an inmate in the face, which resulted in no physical harm, constitutes a de minim's use of force not actionable under the Eighth Amendment).

        Respectfully submitted,

        KIM THOMAS
        DEPUTY GENERAL COUNSEL


        /s/Greg Biggs
        Greg Biggs (BIG004)
        Assistant Attorney General
        Assistant General Counsel

**ADDRESS OF COUNSEL:**

Alabama Department of Corrections
Legal Division
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130
(334) 353-3885

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 24th day of May, 2007 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

I also hereby certify that I have served a copy of the foregoing pleading upon:

Inmate Christopher M. Swisher, # 244848
Staton Correctional Facility
P.O. Box 56
Elmore, AL  36025

by placing same in the United States Mail, first class postage prepaid, and properly addressed this the 24th May 2007.

/s/Greg Biggs
Greg Biggs (BIG004)
Assistant Attorney General
Assistant General Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DISTRICT

| | |
|---|---|
| CHRISTOPHER M SWISHER, #244848, | ) ) |
| Plaintiff, | ) |
| Vs. | ) 2:07-CV-75-WKW |
| D/O Rodgers C/O I | ) |
| Defendant | ) |

AFFIDAVIT

Before me, a Notary Public in and for said County and State of Alabama at large, personally appeared Officer Morris Rogers, Jr. who being known to me and by me first duly sworn, deposes, and says on oath as follows:

My name is Morris Rogers, Jr. At the time of the alleged incident I was employed with the Alabama Department of Corrections assigned to Draper Correctional Center, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

In this civil complaint Inmate Christopher Swisher, 244848 alleges that on December 16, 2006 at approximately 10:25 PM in 5-cell up that I struck him with my baton. This is untrue. I did not strike inmate Swisher nor have I ever hit any inmate with my baton. Inmate Swisher also alleges that I kicked him in the butt. This is untrue. I did not kick inmate Swisher in the rear nor any other inmate. I do not recall any other incidents with inmate Swisher.



_____
Morris Rogers, Jr.

SWORN TO AND SUBSCRIBED before me this 11th day of May 2007

_____
Notary Public

My Commission Expire 8-1-07

AFFIDAVIT

Before me, the undersigned authority, a Notary Public in and for said County and State of Alabama at large, personally appeared Warden James DeLoach, who being known to me and being by me first duly sworn, deposes, and says on oath as follows:

My name is James H. DeLoach. I am presently employed as a Warden III with the Alabama Department of Corrections, Draper Correctional Center, Elmore, Alabama 36025. I am over twenty-one years of age and have personal knowledge of the facts set forth below.

Morris Rogers resigned from the Alabama Department of Corrections on May 10, 2007. According to Mr. Rogers, he will be a full time member of the US Army and is being deployed to Iraq.

James H. DeLoach, Warden III
Draper Correctional Center

SWORN TO AND SUBSCRIBED before me this 23rd day of May 2007.

Notary Public

My Commission Expire 8-1-07

