IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER M. SWISHER, # 244848 )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>C/O RODGERS C/O I, )<br>)<br>Defendant. ) | CASE NO. 2:07-cv-75-WKW<br>(WO) |

## ORDER

The Magistrate Judge filed a Report (Doc. # 20) in which he recommended that the case be dismissed with prejudice as moot. Plaintiff Christopher M. Swisher filed a response (Doc. # 21), which the court construes as an Objection.

In this *pro se* inmate case, Swisher filed a complaint for excessive force by a correctional officer and the subsequent failure to provide adequate medical care. The events complained of occurred at Draper Correctional Facility. The last section of the form complaint states: "State briefly exactly what you want the court to do for you. Make no legal argument. Cite no cases or statutes." Swisher responded: "File this complaint so that I may proceed with what ever the courts decide I am entitled to concerning this matter."

Some time during the pendency of this action, Swisher was transferred out of Draper to another facility. In recommending dismissal, the report reasoned that, because the plaintiff had been transferred out of the facility where he suffered the injury alleged, his claim is moot. However, this rationale ignores the plaintiff's claim for "what ever the courts decide I am entitled to." Construing liberally a *pro se* litigant's pleadings, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the court finds that the complaint contains claims for both injunctive relief and

money damages. Although Swisher's claim for *injunctive relief* is mooted by his transfer out of the facility, *see Zatler v. Wainwright*, 802 F.2d 397, 399 (11th Cir. 1986) (mooting claims for declaratory and injunctive relief after plaintiff's release from prison); *McKinnon v. Talladega County, Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984) (mooting claims for declaratory and injunctive relief after plaintiff's transfer to a different jail), a claim for *damages* may be maintained. Construed liberally, Swisher's complaint states a cause of action for excessive force sufficient to proceed to the next stage of the proceeding.

After an independent and *de novo* review of the record, it is ORDERED that:

1. The Objection (Doc. # 21) is SUSTAINED;

2. The Recommendation (Doc. # 20) of the Magistrate Judge is ADOPTED in part and REJECTED in part;

    a. It is ADOPTED with respect to the dismissal of the claim for injunctive relief;

    b. It is REJECTED with respect to the dismissal of the entire case;

3. This case is REFERRED back to the Magistrate Judge for further proceedings.

DONE this 15th day of October, 2007.

                                       /s/   W. Keith Watkins
                                       UNITED STATES DISTRICT JUDGE